NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0321n.06
No. 24-5423

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jul 02, 2025 |
| Plaintiff-Appellee, | ) | KELLY L. STEPHENS, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| ALEX ROBINSON, | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: BOGGS, GRIFFIN, and NALBANDIAN, Circuit Judges.

PER CURIAM. Alex Robinson challenges the substantive reasonableness of his above-Guidelines sentence for a drug-trafficking offense. As set forth below, we affirm Robinson's 84-month sentence.

In 2019, Robinson pleaded guilty to conspiring to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *United States v. Robinson*, No. 2:19-cr-15 (E.D. Tenn.). The district court sentenced him to 180 months in prison. While serving that sentence, Robinson continued to traffic drugs from prison. He then escaped from a prison work camp in June 2022 and continued to traffic drugs while a fugitive.

A federal grand jury subsequently returned an indictment charging Robinson with (1) conspiring to distribute 50 grams or more of methamphetamine, (2) conspiring to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, and (3) conspiring to distribute 400 grams or more of a detectable amount of fentanyl, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He entered into a plea agreement, agreeing to

plead guilty to a lesser included offense in Count 3—conspiring to distribute 40 grams or more of a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Robinson's offense conduct involved at least 40 grams but less than 160 grams of fentanyl and that certain sentencing enhancements did not apply. Consistent with the plea agreement, the presentence report set forth a Guidelines range of 41 to 51 months based on a total offense level of 21 and a criminal-history category of II. Because the five-year statutory mandatory minimum penalty for Robinson's offense was greater than the maximum of that range, his Guidelines sentence became 60 months. *See* 21 U.S.C. § 841(b)(1)(B); USSG § 5G1.1(b).

At sentencing, the district court adopted the presentence report without objection. After reviewing the sentencing factors under 18 U.S.C. § 3553(a), the district court found that an upward variance from the 60-month Guidelines sentence was appropriate, based on "the very conservative quantity of drugs" for which Robinson was held accountable, his guilty plea to a lesser included offense, his prior felony drug-trafficking conviction, the dangerousness of fentanyl, the underrepresentation of his criminal history, and "a profound lack of respect for the law and a need for both specific and general deterrence." The district court sentenced Robinson to 84 months of imprisonment, to run consecutively to the remaining time on his sentence in his prior drug case and to his anticipated sentence in his pending escape case. Robinson subsequently pleaded guilty to the escape charge and was sentenced to 12 months of imprisonment, to be served consecutively to his sentences in his drug cases. *United States v. Robinson*, No. 2:22-cr-20140 (W.D. Tenn.).

In this timely appeal, Robinson challenges the substantive reasonableness of his above-Guidelines sentence.[1]  We review the substantive reasonableness of Robinson's sentence under the deferential abuse-of-discretion standard.  *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007).  "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)."  *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010) (quoting 18 U.S.C. § 3553(a)).  "Simply

---

[1] On January 17, 2025, after the parties completed briefing, Robinson received an Executive Grant of Clemency in the form of a presidential commutation.  We requested supplemental briefing from the parties as to the commutation's effect on this appeal, including whether the commutation mooted the appeal.

Based on the commutation's language, R. 261, Warrant of Commutation, and the information provided by the government—namely the Office of the Pardon Attorney's website's information for commutations issued on January 17, 2025, and the corresponding spreadsheet, both hyperlinked to the explanatory note for Warrant 2, the warrant that grants Robinson's commutation—we are satisfied that the commutation applies only to Robinson's 180-month sentence for conspiring to distribute cocaine base in case no. 2:19-cr-15 and therefore does not affect this appeal.  *See* Office of the Pardon Attorney, U.S. Department of Justice, Commutations Granted by President Joseph Biden (2021-2025), https://www.justice.gov/pardon/commutations-granted-president-joseph-biden-2021-present#17-01-2025-commutation (last accessed July 1, 2025).

To be sure, the website isn't entirely clear. Also on the website's information for commutations issued on January 17, 2025, the hyperlink directing the users to "View Recipient Details" lists Robinson's sentence as "23 Years"—which is the total of his 180-month sentence for conspiring to distribute cocaine base, his 84-month sentence in this matter, and his 12-month sentence for escape—instead of "15 Years" or "180 Months" for his sentence for conspiring to distribute cocaine base.  Office of the Pardon Attorney, U.S. Department of Justice, https://www.justice.gov/pardon/january-17-2025-commutation-recipients (last accessed July 1, 2025).  But that same page contains a disclaimer that "[t]he offenses listed are for informational purposes only, and may not correspond directly to the commutation grant given by the President." *Id.*

And limiting the commutation to the cocaine sentence makes sense based on the very similar sentences that were commuted in the same tranche.  There's no reason to believe that a commutation would attach to distributing fentanyl or escaping from prison.

Moreover, Robinson did not argue that his appeal is moot, let alone satisfy his "heavy burden of demonstrating mootness." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021) (quoting *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 531 (6th Cir. 2001)).

put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020).

"An above-Guidelines sentence is neither presumptively reasonable nor presumptively unreasonable." *United States v. Robinson*, 892 F.3d 209, 212 (6th Cir. 2018). Robinson "still must surmount a high bar to succeed on a substantive-reasonableness challenge even to an upward variance." *United States v. Thomas*, 933 F.3d 605, 613 (6th Cir. 2019). In reviewing Robinson's above-Guidelines sentence for substantive reasonableness, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range," but "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "The greater the variance, the more compelling the justification must be." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020).

"A district court may vary outside the Guidelines range if it explains how the present case is different from the typical or mine-run case that occupies the heartland to which the Commission intends individual Guidelines to apply." *Id.* (cleaned up). Robinson argues that the district court failed to distinguish his case from typical drug-trafficking cases. But as the district court pointed out, Robinson trafficked drugs from prison while serving a sentence for a drug-trafficking offense and continued to traffic drugs after he escaped from prison. These facts took Robinson's case outside the heartland of drug-trafficking cases.

"One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *Id.* at 753-54 (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). Robinson argues that the district court gave too much weight to his criminal history and the need to afford adequate deterrence and too little weight to the need to avoid unwarranted

sentence disparities among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(6). According to Robinson, the district court placed too much weight on his criminal history because the sentencing Guidelines already accounted for his criminal history. But "[w]e have consistently rejected defendants' arguments that a district court cannot impose upward variances based on criminal history, simply because the Guidelines calculation already accounts for criminal history as a factor." *United States v. Dunnican*, 961 F.3d 859, 881 (6th Cir. 2020). Here, the district court found that the Guidelines sentence did not fully account for Robinson's overall criminal history. Robinson received only three criminal-history points—for his prior federal drug-trafficking conviction—which established a criminal-history category of II. The district court pointed out that Robinson's criminal record showed "a long list of convictions," at least eight of which were serious, and that "there is a progressive nature to these offenses as well from less serious to more serious offenses as time has gone on." The district court reasonably determined that Robinson's "criminal history is much more serious than [his three criminal-history points] would suggest."

Robinson argues that the district court placed too much weight on the need to afford adequate deterrence and asserts that "empirical studies indicate that the length of the sentence has virtually no effect in achieving specific deterrence." Indeed, the district court did question the efficacy of specific deterrence here because Robinson's prior federal sentence did not appear to have had any deterrent effect on him. The district court stated:

> There certainly is an argument to be made here, Mr. Robinson, that the threat of federal prison has not deterred you at all. In fact, the imposition of a 15 year term of imprisonment didn't slow you down a bit. While serving that term of imprisonment, you began your participation in this drug conspiracy, you then escaped and continued in the trafficking of drugs. I frankly do not know what it takes or what it will take to deter you from criminal conduct.

The district court, however, went on to recognize the importance of general deterrence in light of the deadly nature of fentanyl and the rising trend of fentanyl cases within the district. The district court placed a reasonable amount of weight on the need to afford adequate deterrence.

Robinson contends that the district court did not adequately consider the need to avoid unwarranted sentence disparities among similarly situated defendants, asserting that his 84-month sentence is significantly higher than the median sentence for similar offenses. The district court reasonably declined to give much weight to sentencing statistics based on our instruction to look to the Guidelines rather than statistics. *See United States v. Hymes*, 19 F.4th 928, 936 (6th Cir. 2021) (stating that "the Guidelines, not statistical reports, are 'our barometer for promoting nationwide sentencing uniformity'" (quoting *United States v. Freeman*, 992 F.3d 268, 289 (4th Cir. 2021) (Quattlebaum, J., dissenting))). Although the district court ultimately determined that the 60-month Guidelines sentence did not fully account for the § 3553(a) factors, the court correctly relied on the Guidelines sentence as its starting point and as the basis for achieving sentencing uniformity.

The district court acted within its discretion in varying upward from the 60-month Guidelines sentence by 24 months and imposed a substantively reasonable sentence. Accordingly, we **AFFIRM** Robinson's 84-month prison sentence. We **GRANT** the government's motion to take judicial notice of Robinson's related cases.